416 A.2d 1010

**Joseph ZIMMER, Appellant,**

v.

**MITCHELL AND NESS, Appellee,**

**and**

**Camelback Ski Corporation, and G. P. I., Inc. and Head Ski Co., Div. of A. M. F. and Rieker Ski Equipment Corporation, Additional Defendants.**

Supreme Court of Pennsylvania.

Argued April 15, 1980.

Decided July 3, 1980.

Charles Sovel, Philadelphia, for appellant.

John G. Jenemann, Philadelphia, for appellee Mitchell and Ness.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

PER CURIAM.

The Order of the Superior Court sustaining the Court of Common Pleas' grant of summary judgment to Mitchell & Ness is affirmed.

ROBERTS, J., filed a dissenting opinion in which LARSEN and FLAHERTY, JJ., join.

ROBERTS, Justice, dissenting.

This is an action for damages resulting from personal injuries to appellant Joseph Zimmer. Appellant, who fell and injured his leg while skiing at Camelback, alleged among other claims that Mitchell and Ness, the operator of the ski rental concession at the resort, was negligent in maintaining and fitting the skis which appellant rented. Mitchell and Ness moved for summary judgment in the court of common pleas claiming that certain language in the rental form which appellant signed released it from any responsibility for its negligence. The trial court agreed and granted summary judgment in favor of Mitchell and Ness. On appeal a divided Superior Court affirmed, 253 Pa.Super.

474, 385 A.2d 437, and this Court now affirms, without opinion, the Superior Court's decision.

Today's result is plainly inconsistent with the controlling decisions of this Court requiring that such releases, to be valid, must "*clearly* and *unequivocally* spell out the intent to grant such immunity and relief from liability." *Dilks v. Flohr Chevrolet*, 411 Pa. 425, 436, 192 A.2d 682, 688 (1963). The present rental agreement simply does not indicate that Mitchell and Ness intended to be excused from its own negligence in fitting renters with skis, and it in no way meets the standard of a clear and express disclaimer mandated by our prior decisions. This was the view of Judge Hoffman, joined by Judge Spaeth, in dissent in the Superior Court and I would now adopt it. The majority opinion of the Superior Court does not meet the objections of these Judges. And clearly today's per curiam affirmance by this Court offers no additional guidance. I would reverse the grant of summary judgment and allow appellant the opportunity to prove his case at trial.

LARSEN and FLAHERTY, JJ., join in this dissenting opinion.