500 A.2d 492

**Jeffrey VALEO, Appellant,**

v.

**POCONO INTERNATIONAL RACEWAY, INC. and Auto Sports Associates, Ltd., Appellees.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1985.

Decided Nov. 15, 1985.

James V. Fareri, Stroudsburg, for appellant.

Joseph P. Lenahan, Scranton, for appellees.

Before WIEAND, CERCONE and ROBERTS, JJ.

WIEAND, Judge:

Jeffrey Valeo was the driver of a race car. His car was damaged and he was injured while racing at the Pocono International Raceway in a race conducted by Auto Sports Associates, Ltd. He commenced a civil action against the owner of the track and the sponsor of the race to recover damages, alleging negligent maintenance of the track. In an answer containing new matter, the defendants averred that Valeo had executed an exculpatory agreement in which he stated that he had inspected the racing area and had found it "safe and reasonably suited for" racing. The agreement provided further that Valeo "releases, waives, discharges and covenants not to sue" the defendants "from all liability ... for all loss or damage and any claim or demands therefore [sic] on account of injury to the person or property ..., whether caused by the negligence of Re-leases or otherwise while the Undersigned is in or upon [the racing surface] and/or competing ... observing, working or for any purpose participating in such event." Based on this release, the trial court granted summary judgment for the defendants. Valeo appealed. We affirm.

Automobile racing is hazardous. It gives rise to various situations in which injury or death may result to drivers and mechanics. Experienced racedrivers, such as appellant, are aware of the risks attending the sport of automobile racing. Therefore, it is not unusual for participants to examine the conditions of the raceway before agreeing to enter an event and then to release the sponsor of the event and the owner of the raceway from liability for injuries to person or damage to property occurring while the raceway is being used.

Such agreements are not contracts of adhesion. See: *Schlessman v. Henson*, 83 Ill.2d 82, 46 Ill.Dec. 139, 413 N.E.2d 1252 (1980). Each party is free to participate or not to participate; a race driver is under no compulsion, economic or otherwise, to engage in automobile racing on a

track whose condition he has examined. An agreement exculpating the sponsor of the race and the owner of the track does not contravene public policy. It is a contract between individuals pertaining to their private affairs and does not impair generally the rights of members of the public. Such an agreement meets the test for validity enunciated in *Zimmer v. Ness*, 253 Pa.Super. 474, 385 A.2d 437 (1978), *aff'd*, 490 Pa. 428, 416 A.2d 1011 (1980). Its exculpatory provisions, therefore, are enforceable. See: *Schlessman v. Henson, supra; Morrow v. Auto Championship Racing Association, Inc.*, 8 Ill.App.3d 682, 291 N.E.2d 30 (1972).

■ It must be conceded, of course, that contracts providing for immunity from liability are not favorites of the law and will be construed strictly. See: *Employers Liability Assurance Corp. v. Greenville Business Men's Association*, 423 Pa. 288, 292, 224 A.2d 620, 623 (1966). Nevertheless, where the intention of the parties is spelled out with particularity and their agreement shows an unequivocally expressed purpose to release from liability, the law will give effect to that agreement. The language of the agreement in the instant case is clear. It released the owner and sponsor of the race from liability for injury to person or damage to property, whether caused by negligence or otherwise, while the injured person was competing, observing or working in the area to which the agreement pertained. The effect of the release was not avoided by an averred conclusion in the complaint that the negligent maintenance of the track amounted to gross negligence. The language of the exculpatory clause was broad enough to exclude liability for all degrees of negligence.

The trial court relied upon an earlier opinion in which it had upheld the enforceability of the same agreement. The court's holding, we are told, was affirmed per curiam by a panel of the Superior Court. That decision, however, is not precedential, and we have not relied on it. Instead, we have conducted our own review of the record and have made our own analysis of the exculpatory language of the agreement.

Having done so, we conclude that the trial court's grant of summary judgment was proper.

Order affirmed.

CERCONE, J., did not participate in the consideration or decision of this appeal.