**Reuben and Arlene GIMPEL**

v.

**HOST ENTERPRISES, INC.**

**Civ. A. No. 85–4892.**

United States District Court,
E.D. Pennsylvania.

July 24, 1986.

---

Paul B. Katchmer, Lancaster, Pa., for plaintiff.

John R. Sparks, Jr., Lancaster, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

On August 25, 1985, plaintiff Reuben Gimpel was injured when he fell from a bicycle rented at the Host Enterprises, Inc., resort in Lancaster, Pennsylvania. Gimpel was allegedly unable to stop the bicycle because of a malfunction of its brakes due to Host's failure to properly maintain and inspect it.[1]

Defendant Host has moved for summary judgment, contending that the rental agreement which Gimpel signed contains an exculpatory clause releasing Host from any liability arising from the rental and use of the bicycle. Gimpel argues that the motion should be denied for both procedural and substantive reasons.

In the first instance, Gimpel contends that Host failed to plead the affirmative defense of release in its answer to the complaint. For this reason, Gimpel argues that Host thereby waived the defense and should be precluded from raising the exculpatory clause as a basis for summary judgment. Host argues that its first opportunity to identify and authenticate Gimpel's signature on the rental agreement came at

---

1. Gimpel also alleges that the bicycle path upon which he was riding prior to the accident was negligently constructed and that Host negligently permitted other pedestrian and vehicular traffic on the path in addition to bicycles. These allegations are not relevent to Gimpel's claim for damages under the circumstances of the accident.

According to the allegations of the complaint, the nature of the path could only have contributed to the accident indirectly in any event. Gimpel neither fell on the path nor lost control of his bicycle on the path. He alleges that he voluntarily left the path and that the accident occurred while he was attempting to brake the bicycle in an area next to the path.

Moreover, although Gimpel also alleges that he was "forced to leave the path in his attempt to aid his minor daughter" (Complaint, ¶ 10), also off the path, he later admitted in his deposition that he did not and does not know why his daughter left the path. (Exhibit "D" to Memorandum of Law in Support of the Answer of the Plaintiffs to Motion for Summary Judgment). Thus, Gimpel's deposition testimony demonstrates that the possibility that the path contributed in any way to the accident is pure speculation.

his deposition in March, 1986. Thus, Host contends that it should be granted leave to amend its answer to assert the affirmative defense notwithstanding Gimpel's contention that a motion to do so now is untimely.

Fed.R.Civ.P. 15(a) allows amendments to pleadings at any time with leave of court and requires that leave be freely given, "when justice so requires". Because the circumstances of this case do not indicate that the defendant has been deliberately dilatory in moving to amend its answer and do not present any other reason for denying the amendment, we conclude that justice requires that it be allowed. Accordingly, Host's answer is deemed amended to include the affirmative defense of release.

Turning to the merits of the motion for summary judgment, we look first to the law of Pennsylvania to determine the effect of exculpatory clauses in general before examining the clause at issue here.

In *Employers Liability Assurance Corp., Ltd. v. Greenville Business Men's Association*, 423 Pa. 288, 291–293, 224 A.2d 620 (1966), the Pennsylvania Supreme Court set forth the conditions under which such clauses are valid and enforceable:

> Generally speaking, an exculpatory clause is valid if: (a) "it does not contravene any policy of the law, that is, if it is not a matter of interest to the public or State ..." (Citation omitted); (b) "the contract is between persons relating entirely to their own private affairs" (Citation omitted); (c) "each party is a free bargaining agent" and the clause is not in effect "a mere contract of adhesion, whereby [one party] simply adheres to a document which he is powerless to alter having no alternative other than to reject the transaction entirely". (Citation omitted).

Assuming, *arguendo*, that the instant exculpatory clause satisfies all three conditions and is valid, our case law requires that, even if valid, an exculpatory clause

must meet certain standards [to be enforceable] ...

Such standards are: (1) contracts providing for immunity from liability for negligence must be construed strictly since they are not favorites of the law; (Citations omitted); (2) such contracts "must spell out the intentions of the parties with the greatest of particularity"; (Citation omitted) and show the intent to release from liability "beyond doubt by express stipulation" and "[n]o inference from words of general import can establish it" (Citation omitted); (3) such contracts must be construed with every intendment against the party who seeks the immunity from liability (Citation omitted); (4) the burden to establish immunity from liability is upon the party who asserts such immunity (Citation omitted).

As noted, the exculpatory clause at issue here was contained in the rental agreement for the bicycle, called the "Ride Charge Agreement", and reads as follows:

> User agrees to return said item in the same condition as when received, ordinary wear and tear excepted. *User agrees to indemnify and hold Host free and harmless from all injuries to person or persons, including death, damages to property, loss of time, and/or any and all other loss or damages, whether caused or occasioned by the negligence of Host, its employees or servants, or any other person whatsoever, arising or flowing from the use, operation or rental of the said item by User.* User agrees to pay or reimburse Host for all charges incidental to all breakages, shortages, damages, or losses other than such ordinary wear to said item caused by User. (Emphasis in original).

In the case of *Zimmer v. Mitchell and Ness*, 253 Pa.Super. 474, 385 A.2d 437 (1978), the court considered and found valid and enforceable a very similar exculpatory clause.[2] There, as here, the plaintiff was

---

**2.** The clause at issue in *Zimmer* was contained in a "Rental Agreement and Receipt" and reads, in pertinent part, as follows:

> I furthermore release Mitchell and Ness from any liability for damage and injury to myself or to any person or property resulting

injured when sports equipment which he had rented at a resort allegedly malfunctioned.

■ Despite Gimpel's efforts to distinguish *Zimmer* on the basis of the nature of the resort, we are not persuaded that the Superior Court was responding to a need for heightened protection for ski resorts as compared to other kinds of resorts when it upheld the exculpatory clause at issue in that case. Rather, we believe that guests at all types of resorts are in essentially the same position when they seek to rent equipment. Thus, we conclude, as did the Pennsylvania Superior Court, that the contract at issue here, which concerns a pre-printed rental agreement containing the exculpatory clause, contravenes no policy of the law, was between private parties and that each party was a free bargaining agent. Consequently, the clause is valid.

■ Next, we consider whether the clause expressly provides for Host's immunity from liability and whether Host has borne its burden of proof in the matter. It is clear that the language of the clause is both detailed and unequivocal in releasing Host from liability for negligence in connection with the rental of the bicycle. Moreover, Host has produced the "Ride Charge Agreement" which Gimpel identified at his deposition as the agreement he signed before he obtained the bicycle. (Exhibit "D" to Memorandum of Law in Support of the Answer of the Plaintiffs to Motion for Summary Judgment, Doc. # 8). Therefore, we conclude that the exculpatory clause is enforceable against the plaintiff.

■ Despite the similarity of this case to the *Zimmer* case and the clear conformity of the clause at issue to the analysis set forth in *Employers Liability,* Gimpel nevertheless contends that those cases should not be applied and summary judgment granted against him. He argues that the Court should examine the entire transaction according to general rules of contract construction. Gimpel contends that an interpretation of the contract in light of all the circumstances will lead to the conclusion that he did not intend to consent to releasing Host from liability for his injuries.

Essentially, Gimpel's argument is that the *Employer's Liability* and *Zimmer* cases should only be applied after a court has determined that the clause at issue in the contract was within the "circle of assent" of the parties. Gimpel further contends that such a clause can fulfill that antecedent requirement only if the clause is found to be conspicuous and if the party against whom it is sought to be enforced admits that he read the clause before signing the contract.

Gimpel asserts that the *Zimmer* court *"sub silentio"* made those findings but that neither condition has been fulfilled in this case. The Court can find no support in Pennsylvania case law for imposing the additional conditions for which Gimpel argues. Rather, we believe that the only dispositive factor in determining the parties' intentions is whether the contract was signed, as it certainly was in this case. The signature attests to assent, rendering it unnecessary to inquire into other circumstances surrounding the transaction except for those to be considered in deciding whether an exculpatory clause meets the criteria for validity and enforceability.

We find no merit in Gimpel's argument that he "couldn't" read the contract before he signed it. Although he did not have his reading glasses with him when he arrived at the rental office, he could have requested that either the friend who accompanied him or Host's employee read the agreement to him before he signed it. Having already concluded that he was a free bargaining agent, we can find no basis for Gimpel's argument that Host's employee was obliged to call his attention to the exculpatory clause and its implications.

from the use of this equipment, accepting myself the full responsibility for any and all such damage or injury.

385 A.2d at 438.

In summary, we conclude that the exculpatory clause at issue here meets the conditions set forth by the Pennsylvania Supreme Court for both validity and enforceability. Moreover, we reject plaintiff's attempt to engraft additional conditions onto the plain requirements of Pennsylvania law. For the foregoing reasons, we will grant Host's motion for summary judgment.