Christina M. WILSON and Wade E.
Wilson, husband and wife,
Plaintiffs,

v.

AMERICAN HONDA MOTOR CO.,
INC., Defendant,

v.

Alvin SMITH and Alvin's Rentals, Inc.,
Third–Party Defendants.

Civ. No. 87–1452.

United States District Court,
M.D. Pennsylvania.

Aug. 8, 1988.

Robert W. Munley, P. Timothy Kelly, Scranton, Pa., for plaintiffs.

Francis E. Marshall, Jr., Harrisburg, Pa., David W. Skutnik, Stroudsburg, Pa., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Presently before the court is the third-party defendants' motion for summary

judgment based upon an exculpatory provision in an equipment rental agreement executed by plaintiffs. For the reasons set forth below, the motion will be granted.

## BACKGROUND

Plaintiffs instituted the present action on October 15, 1987. According to the complaint, Christina M. Wilson leased a 1985 Honda 110 ATC all terrain vehicle (ATV) from Alvin's Rentals, Inc. on November 17, 1985. American Honda Motor Company (American Honda) was the importer and distributor of the ATV. As Ms. Wilson was riding the ATV, it struck a rock, causing the vehicle to plummet over an embankment. Ms. Wilson suffered various injuries, including a ruptured spleen. Plaintiffs allege numerous defects in the ATV and assert causes of action under Restatement of Torts 2d §§ 402A and 402B, negligence and express and implied warranties. American Honda is the only defendant named in plaintiffs' complaint.

American Honda filed a third-party complaint against Alvin's Rentals, Inc. and Alvin Smith on December 28, 1987, maintaining that the third-party defendants were negligent in, *inter alia,* failing to properly instruct Christina M. Wilson how to use the ATV and failing to properly supervise her riding activities. The third-party defendants filed a motion for summary judgment on March 29, 1988 and a supporting brief on April 8, 1988. They claim that they are insulated from liability by an exculpatory provision in a rental agreement which Ms. Wilson executed upon renting the ATV.[1] The Wilsons and American Honda submitted briefs in opposition on April 19, 1988. Upon urgings from the court, supplemental briefs were filed by American Honda on July 1, 1988, by the Wilsons on July 5, 1988 and by the third-party defendants on July 15, 1988.

The third-party defendants' motion for summary judgment is now ripe for disposition.

**1.** There has been no allegation that Ms. Wilson was a minor when she signed the rental agreement.

## DISCUSSION

When faced with a summary judgment motion, a district court must determine whether "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" only if the evidence is such that a reasonable jury could find for the party opposing the motion. *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.,* 812 F.2d 141, 144 (3d Cir.1987) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). The court must view all facts in the light most favorable to the party opposing the motion. *Betz Laboratories, Inc. v. Hines,* 647 F.2d 402, 404 (3d Cir. 1981).

The substantive law of Pennsylvania applies to this diversity case. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Pennsylvania law, the following criteria must be satisfied in order for an exculpatory clause to be held valid: (1) the contract must not contravene any policy of the law; (2) the contract must be an agreement between individuals relating to their private affairs; and (3) each party to the agreement must be a free bargaining agent, not one drawn into an adhesion contract with no recourse but to reject the whole transaction. Additionally, exculpatory clauses are not favored by the law and are construed strictly against the party seeking immunity from liability. Exculpatory provisions must spell out the intent of the parties with the utmost particularity, and the burden to establish immunity from liability rests upon the party who asserts such immunity. *See Simmons v. Parkette Nat. Gymnastic Training Center,* 670 F.Supp. 140 (E.D.Pa.1987) (mother's separate cause of action for daughter's injuries was barred by exculpatory release which both mother and daughter had

A copy of the pertinent rental agreement is attached to this Memorandum and Order as Exhibit "A".

signed, but minor daughter was entitled to disavow the release); *Gimpel v. Host Enterprises, Inc.*, 640 F.Supp. 972 (E.D.Pa. 1986), *aff'd mem.*, 813 F.2d 397 (3d Cir. 1987) (bicycle lessee's negligence action against lessor for injuries allegedly caused by malfunction of bicycle brakes was barred by valid exculpatory clause in preprinted rental agreement); *Stevens v. Ireland Hotels, Inc.*, Civil No. 85–0307, slip. op. (M.D.Pa. Feb. 10, 1986) (Rambo, D.J.) (release signed by plaintiff was invalid when plaintiff entered horse rental agreement with mistaken understanding, stemming from information provided by defendant's employee, that horse would only walk and would not gallop); *Grbac v. Reading Fair Co., Inc.*, 521 F.Supp. 1351 (W.D.Pa. 1981), *aff'd*, 688 F.2d 215 (3d Cir.1982) (widow whose husband was killed while driving in a stock car race could not maintain a wrongful death action because her husband had signed a release, waiver of liability and indemnity agreement); *Employers Liability Assur. Corp. v. Greenville Business Men's Ass'n*, 423 Pa. 288, 224 A.2d 620 (1966) (exculpatory clause in building lease which purported to exculpate lessor from liability for damage to lessee's property was intended to operate prospectively and would not preclude action against lessor for damages caused by water sprinkler system which occurred prior to execution of lease); *Valeo v. Pocono Intern. Raceway, Inc.*, 347 Pa.Super. 230, 500 A.2d 492 (1985) (exculpatory clause in agreement whereby race driver released owner of track and sponsor of race from liability for personal injury or property damage, whether caused by negligence or otherwise, was enforceable against driver when entered into with-

out compulsion); and *Zimmer v. Mitchell and Ness*, 253 Pa.Super. 474, 385 A.2d 437 (1978) (exculpatory clause in rental agreement valid and enforceable against plaintiff who was injured when skiing equipment which he had rented at a resort allegedly malfunctioned).

■ In the present case, the third-party defendants move for summary judgment based upon a preprinted rental agreement, signed by Ms. Wilson, which states in part, "The rental agent is not responsible for accidents or injuries caused directly or indirectly in the use of the rented item." This exculpatory provision is prospective in nature, *i.e.*, it purports to release the third-party defendants from future liability as opposed to a release compromising and settling an already existing claim for damages. *See Simmons*, 670 F.Supp. at 141. The court has no hesitancy in concluding that the rental agreement in question, specifically the exculpatory provision, contravenes no policy of the law, that the agreement was executed between private parties and that each party was a free bargaining agent.[2]

■ It remains to decide whether the third-party defendants have met their burden of showing that the release provision clearly and explicitly provides them with immunity from liability. American Honda argues that the language of the release provision is ambiguous because "it is unclear if this language is meant to exempt the rental agent from liability for its own negligence, the negligence of third parties or the negligence of the customer." *See* document 22 at 7.[3] Also, plaintiffs maintain, without further explanation, that "the

---

**2.** The only objection raised in this regard is plaintiffs' contention that the rental agreement was an adhesion contract because "Plaintiff's only choice, should she desire to rent Additional Defendant's vehicle, was to sign the contract and accept the language contained in the contract." *See* document 21 at 5. In *Valeo v. Pocono Intern. Raceway, Inc., supra,* the Superior Court rejected a similar argument by stating, "Each party is free to participate or not to participate; a race driver is under no compulsion, economic or otherwise, to engage in automobile racing...." 347 Pa.Super. at 232, 500 A.2d at 493. So too, Ms. Wilson was under no compulsion to engage in ATV riding.

**3.** American Honda emphasizes the language of the exculpatory provision in *Gimpel v. Host Enterprises, Inc., supra,* whereby the bicycle lessee releases the rental agent from liability for injury or other damage "whether caused or occasioned by the negligence of Host, its employees or servants, or any other person whatsoever." 640 F.Supp. at 974. The *Gimpel* court did not focus on this portion of the exculpatory provision in ruling that the release was valid and barred the plaintiff's lawsuit.

contract does not spell out with particularity the intention to release Additional Defendant." *See* document 21 at 5.

The court finds that the language of the release provision is clear, conspicuous and sufficiently detailed and that the provision unequivocally releases the third-party defendants from liability for any negligence on their part in connection with the rental of the ATV. It was not necessary for the third-party defendants to specify in the exculpatory provision that they intended to acquire immunity from liability for their own negligence.[4] For example, in *Zimmer v. Mitchell and Ness, supra,* the key portion of the ski rental agreement read, "I furthermore release Mitchell and Ness from any liability for damage and injury to myself or to any person or property resulting from the use of this equipment, accepting myself the full responsibility for any and all such damage or injury." 253 Pa.Super. at 478, 385 A.2d at 438. The exculpatory provision in *Zimmer,* which is similar to the exculpatory provision in the present case, did not specify whose negligence was encompassed thereunder, yet the Superior Court upheld this exculpatory clause. In short, a reasonable person would understand that an otherwise clear release provision in a standard form lease contract for the rental of recreational equipment protects the rental agent for the rental agent's own negligence. Requiring rental agents to specify that they are seeking immunity from liability *for their own negligence* would be unnecessary, and demanding an overabundance of particularity runs the risk of causing confusion in rental agreements. The Superior Court in *Zimmer* aptly observed, "Although we must construe the contract strictly, we must also use common sense...." 253 Pa.Super. at 479, 385 A.2d at 439.

Therefore, the court finds that the exculpatory provision in question is valid and would bar a negligence suit brought by Ms. Wilson directly against the third-party defendants.[5] The next inquiry is whether this exculpatory provision immunizes the third-party defendants from American Honda's claim against them for contribution/indemnity even though American Honda was not a signatory to the rental agreement. The parties did not address this issue in their original briefs on the summary judgment motion, and the issue was first raised by the court by letter dated June 17, 1988, wherein the court established a supplemental briefing schedule. *See* document 25. In their supplemental briefs, the parties indicated a lack of authority directly on point, and the cases cited by the parties are inapplicable to the present dispute since those cases center upon the Uniform Contribution Among Tortfeasors Act, 42 Pa. C.S.A. § 8321 *et seq.,* which applies only to releases executed post injury.[6] The court's own research has likewise uncovered no direct authority on the issue of whether a valid, prospective exculpatory provision in a preprinted equipment rental agreement protects the rental agent from a claim for contribution/indemnity asserted by a defendant/manufacturer in a suit instituted by the lessee of the equipment.

Based upon considerations of legal principle and public policy, the court finds that American Honda's claim against the third-party defendants for contribution/indemnity is barred by the exculpatory provision in the rental agreement. Our court of appeals recently commented that "like indemnity, the right to contribution is predicated on a third-party's direct liability to the plaintiff." *Eagle–Picher Industries,*

---

4. The court is at a loss to understand the legal significance of releasing a rental agent from liability for the negligence of persons other than the rental agent and his/her employees.

5. The court rejects plaintiffs' arguments that Ms. Wilson was not a party to the rental agreement because her name is not listed at the top of the agreement and that she received no consideration for signing the agreement. Her signature appears at the bottom of the agreement, and

obviously the consideration which she received was the right to ride the ATV.

6. The language of the Uniform Act—which clearly connotes that the tort has already occurred through the use of such terms as "injured person" and "joint tort-feasor"—indicates that it is intended to govern the right to contribution and indemnity in post-injury situations where an injured individual releases some, but not all, joint tortfeasors.

*Inc. v. U.S.*, 846 F.2d 888, 892 n. 4 (3d Cir.1988). In the present case, it has already been determined that the third-party defendants are insulated by the exculpatory provision from any direct liability to plaintiffs. Consequently, the requisite predicate for American Honda's claim for contribution/indemnity is missing.

Moreover, a contrary ruling would subvert the purpose of exculpatory provisions in equipment rental agreements and other contracts. In short, although the third-party defendants are immune from liability to plaintiffs on the basis of a valid exculpato-ry provision, they would in effect bear at least a portion of the financial responsibility for plaintiffs' injuries if contribution/indemnity were allowed. Such result would render the valid exculpatory provision almost meaningless and would preclude the third-party defendants and other equipment rental agents from prospectively limiting their exposure to liability.

■ For the reasons set forth above, the third-party defendants' summary judgment motion will be granted.[7]

An appropriate Order will enter.

---

**7.** American Honda requests that the third-party defendants be kept as parties in this case even though they are totally immune from liability. The case authority cited by American Honda is inapplicable because it is based upon the Uniform Act, and the court is aware of no precedent for such a ruling.

EXHIBIT A  **NO**  0141

**ALVIN'S RENTALS**
(RIDE AT YOUR OWN RISK)
LONG POND, PA  18334
(717) 646-0705

## RENTAL AGREEMENT

| NAME | | DATE OUT | TIME OUT |
|---|---|---|---|
| VINCE RAMBO | | 11/10/85 | 11:15 |
| ADDRESS | | DATE IN | TIME IN |
| 3423 CONRAD ST. | PHONE | DUE BACK | |
| DRIVER'S LIC. NO. | REGISTRATION NO. | TOTAL TIME | |
| ADDRESS WHERE ITEM(S) TO BE USED | | | |

| ITEM RENTED | SERIAL NO. | PERIOD OF TIME | RATE | AMOUNT |
|---|---|---|---|---|
| 16   33 | 39 | | 20 | 20 |
| 36   04 | 8 | | 20 | 20 |
| 12   24 | | | 20 | 20 |
| 29   3 | | | 20 | 20 |

| MERCHANDISE SOLD | QTY. OUT | QTY. USED | @ | AMOUNT |
|---|---|---|---|---|
| | | | | 80 |
| | | | | 20 |

THIS IS A CONTRACT OF RENTAL ONLY AND NOT OF SALE. THE UNDERSIGNED RENTER HEREBY AGREES THAT HE HAS RENTED THE ABOVE DESCRIBED ITEM(S) UPON THE EXPRESS CONDITION THAT IT WILL AT ALL TIMES REMAIN THE PROPERTY OF THE RENTAL AGENT NAMED ABOVE; THAT HE HAS EXAMINED SAID ITEM, FOUND IT TO BE IN GOOD CONDITION AND WILL RETURN IT IN AS GOOD CONDITION AS WHEN HE RECEIVED IT, ORDINARY WEAR AND TEAR EXCEPTED; THAT HE WILL RETURN AT ONCE TO THE RENTAL AGENT ANY ITEM NOT FUNCTIONING NORMALLY; THAT HE WILL PAY PROMPTLY WHEN DUE ALL CHARGES WHICH ACCRUE BECAUSE OF THIS RENTAL, INCLUDING DAMAGES TO SAID ITEM. IN THE EVENT THE RENTER FAILS TO RETURN SAID ITEM AT THE AGREED TIME, OR FAILS TO ABIDE BY ANY OF THE OTHER TERMS OF THIS CONTRACT, THE RENTAL AGENT MAY REPOSSESS IT WITHOUT NOTICE TO THE RENTER, AND THE RENTAL AGENT IS HEREBY RELEASED FROM ALL CLAIMS ARISING THEREFROM. ALL CHARGES ARE BASED ON THE TIME THAT THE ITEM IS IN RENTER'S POSSESSION WHETHER IN USE OR NOT. THE RENTAL AGENT IS NOT RESPONSIBLE FOR ACCIDENTS OR INJURIES CAUSED DIRECTLY OR INDIRECTLY IN THE USE OF THE RENTED ITEM.

TOTAL RENTAL
TOTAL MERCHANDISE
TAX
TOTAL CHARGES
LESS DEPOSIT
TOTAL DUE
REFUND

CUSTOMER'S SIGNATURE

Thank You

ORIGINAL

© 1963 J. WILLIAM COMPANY, INC.

FORM NO. 1163 J. WILLIAM CO.
CALL: 1-800-241-0051. IN GA CALL: 1-800-532-0178