**Joel A. WEINER and Pamela Weiner, his wife, Plaintiffs,**

**v.**

**MT. AIRY LODGE, INC., Defendant.**

**Civ. No. 88–0264.**

United States District Court, M.D. Pennsylvania.

July 3, 1989.

Dennis P. Talty, Philadelphia, Pa., for plaintiffs.

James A. Swetz, Stroudsburg, Pa., for defendant.

## MEMORANDUM

NEALON, District Judge.

Currently before the court in the above-captioned action is defendant's motion for summary judgment.[1] For the reasons that follow, the motion will be granted in part and denied in part.

### Background

On or about March 8, 1986, plaintiff Joel A. Weiner was a business invitee of Mount Airy Lodge, a holiday resort located in

---

1. Defendant's brief in support of its summary judgment motion is titled "Brief in Support of Defendant's 12(b)(6) Motion." *See* document 11 of record. Both parties, however, treat the mo-tion as one for summary judgment, *see, e.g., id.* at p. 5; document 13 of record, at p. 6, and the court will do the same.

Mount Pocono, Pennsylvania. Having never skied before, plaintiff enrolled in a ski school class conducted by defendant Mt. Airy Lodge, Inc. on its premises. Prior to beginning his lesson, plaintiff rented ski equipment from defendant and signed a "Rental Agreement and Receipt." That agreement read, in part, as follows:

I accept for use as is the equipment listed on this form and accept full responsibility for the care of the equipment while it is in my possession and agree to reimburse Mount Airy Lodge Ski Shop for any loss or damage other than reasonable wear resulting from use.

I understand that insurance coverage applies to equipment breakage only, not lost, misplaced or stolen equipment.

I understand that the releasable bindings furnished herewith are designed to reduce the risk or degree of injuries from falling and that *these bindings will not release under all circumstances and are no guarantee for my safety.*

\* \* \* \* \* \*

I furthermore release Mount Airy Lodge and/or any employee thereof from any liability for damage and injury to myself or to any person or property resulting from the use of this equipment, accepting myself the full responsibility for any and all such damage or injury.

*See* document 10 of record, Exhibit 2 (Rental Agreement and Receipt) (emphasis in original). During his lesson, plaintiff fell on ice that had formed on the instruction area and suffered personal injuries. *See* document 13 of record, at p. 2; *see generally* documents 1 and 12 of record.

Plaintiffs Joel and Pamela Weiner, husband and wife, filed the instant action on February 18, 1988. In Count I, plaintiffs allege that defendant was negligent in failing, *inter alia,* to (1) maintain its premises in a reasonably safe condition, (2) close the ski area or prohibit skiing by beginners, who would not discover or appreciate the risk of the dangerous condition, (3) train, supervise, and instruct plaintiff in order to avoid injuries and appreciate the dangerous condition on the premises, and (4) to properly train its employees so they might prevent injuries to beginning skiers such as plaintiff. *See* document 1 of record, at ¶¶ 4–21. Count II alleges that defendant supplied ski equipment to plaintiff that was unreasonably dangerous and unfit for the purpose intended. *See id.* at ¶¶ 22–25. In Count III, plaintiffs claim that defendant failed to properly maintain, assemble, fit, install, adjust, and care for the equipment rented to plaintiff. *See id.* at ¶¶ 26–30. Finally, Count IV states a cause of action for loss of consortium. *See id.* at ¶¶ 31–32.

Defendant filed its motion for summary judgment with a supporting brief and a transcript of plaintiff's deposition on May 11, 1989. *See* documents 10–12 of record. Defendant argues that plaintiffs' recovery is barred by the doctrine of assumption of risk as well as the exculpatory language contained in the rental agreement. Plaintiffs filed their brief in opposition to the motion on May 25, 1989. *See* document 13 of record. Defendants' response time having elapsed without further submission to the court, this matter is now ripe for disposition.

### *Discussion*

When examining a motion for summary judgment, the court must view all facts in the light most favorable to the party opposing the motion. *Betz Laboratories, Inc. v. Hines,* 647 F.2d 402, 404 (3d Cir.1981). If there exists a genuine issue as to any material fact, summary judgment must be denied. Fed.R.Civ.P. 56(c). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* (citing 10A C. Wright, A. Miller & M. Kane, *Federal Practice & Procedures* § 2725, at pp. 93–95 (1983)). In addition, summary judgment will not lie if the dispute about a material fact is "genuine," that is, "if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." *Id.* In opposing a motion for summary judgment, a party must present evidentiary affidavits or risk hav-

ing the undisputed statements contained in the movant's affidavits taken as true. *See* Fed.R.Civ.P. 56(c); *see also Sierra v. Lehigh County Pennsylvania,* 617 F.Supp. 427, 429 (E.D.Pa.1985).

*Assumption of Risk*

■ In its supporting brief, defendant argues as follows:

> In his deposition, Joel A. Weiner testified that he knew it was slippery and nevertheless attempted to ski.... He also testified he fell several times before he finally fell hurting his shoulder.... At no time after falling but before hurting himself did Joel A. Weiner quit skiing....
>
> As a consequence of the foregoing, Joel A. Weiner assumed the risk of injury by skiing as a matter of law.

*See* document 11 of record, at p. 4. In response, plaintiffs contend that defendant has not produced sufficient evidence of plaintiff's subjective knowledge, appreciation, and voluntary assumption of the risk to warrant summary judgment. The court agrees with plaintiffs.[2]

In a recent case, the Pennsylvania Superior Court explained the doctrine of assumption of risk in the following manner:

> the defense of assumption of the risk requires that the defendant show that the plaintiff was "subjectively aware of the facts which created the danger and ... must have appreciated the danger itself and the nature, character and extent which made it unreasonable."... The plaintiff's encountering the risk must also have been voluntary.... These two requirements are summed up in the rigorous standard enunciated in *Fish v. Gosnell,* 316 Pa.Super. 565, 578, 463 A.2d 1042, 1049 (1983): "Preliminary and deliberate conduct done with an awareness of the specific risks inherent in the activity is a proper basis for implying assumption of risk."
>
> \*   \*   \*   \*   \*   \*

... Only, if a plaintiff " 'fully understands' the specific risk, 'voluntarily chooses' to encounter it, 'under circumstances that manifest a willingness to accept it' ", is he said to have assumed the risk.... As the *Fish* court stated, the rationale for depriving the plaintiff of recompense for his injuries is as follows:

> [T]he essence of the assumption of risk defense is not fault but that the plaintiff has changed his position. Before injury, he intelligently acquiesced in a known danger and abandoned his right to complain, but afterward, seeks to assert the claim he has waived.... To imply such waiver from conduct and circumstances alone can be a source of 'misapprehension and confusion' and 'frequent misapplication.'... Aware of this danger, our court announced that it would take a 'restrictive attitude' toward the circumstances from which the assumption of risk defense might be implied.... Conduct close in time and place to the accident ... while it may contain an element of voluntary risk-taking, does not demonstrate a deliberate abandonment of the right to complain, but rather is better judged by its reasonableness....

*Berman v. Radnor Rolls, Inc.,* 374 Pa.Super. 118, 133–134, 136–137, 542 A.2d 525, 532, 533–534 (1988) (citations omitted).

Assumption of risk is an affirmative defense that must be proved by defendant. *Id.* at 134, 542 A.2d at 532 (citing Restatement (Second) of Torts § 496(G)). In the instant case, defendant has not presented sufficient proof to warrant a grant of summary judgment on this issue. There is a dispute as to whether plaintiff fully appreciated the specific dangers involved. In addition, much of the conduct pointed out by defendant happened "close in time and place to the accident." Thus, the application of the assumption of risk doctrine to the instant case is better left to a jury.

---

**2.** The Pennsylvania Skier's Responsibility Act expressly preserves assumption of the risk as a defense to negligence suits stemming from downhill skiing injuries. *See* 42 Pa. C.S.A. § 7102(c); *Smith v. Seven Springs Farm, Inc.,* 716 F.2d 1002 (3d Cir.1983).

*Exculpatory Agreement*

Under Pennsylvania law, the test for determining the validity of exculpatory clauses is as follows: (1) the contract must not contravene any policy of the law; (2) the contract must be an agreement between individuals relating to their private affairs; (3) each party must be a free bargaining agent, not simply one drawn into an adhesion contract, with no recourse but to reject the entire transaction; (4) the agreement must be construed strictly and against the party asserting it; and (5) the agreement must spell out the intent of the parties with the utmost particularity. *See Employers Liability Assurance Corp. v. Greenville Business Men's Association,* 423 Pa. 288, 292–293, 224 A.2d 620, 622–623 (1966); *Zimmer v. Mitchell and Ness,* 253 Pa.Super. 474, 478, 385 A.2d 437, 439 (1978), *aff'd,* 490 Pa. 428, 416 A.2d 1010 (1980); *see also Wilson v. American Honda Motor Co., Inc.,* 693 F.Supp. 228, 229 (M.D.Pa. 1988) (Nealon, C.J.). While exclusionary clauses must be construed strictly since they are not favored in the law, the court must use common sense in interpreting the agreement. *Zimmer v. Mitchell and Ness,* 253 Pa.Super. at 479, 385 A.2d at 439; *see also Matthews v. Shoemaker,* No. 88–0705, slip. op. at pp. 8–9, 1988 WL 167262 (M.D.Pa. Dec. 23, 1988) (Nealon, C.J.).

■ *Zimmer* governs the disposition of paragraph 17(g) of Count I and Count II of plaintiffs' complaint. In *Zimmer,* plaintiff alleged that the bindings on skis he had rented from the defendant rental shop did not release, causing him to sustain numerous injuries. Construing a rental agreement virtually identical to the one presently before this court, the Pennsylvania Superior Court held as follows:

In the instant case, the main exculpatory clause is the fourth paragraph of the agreement, releasing appellee "from any liability for damage and injury to myself or to any person or property resulting from the use of this equipment ..." To say that negligent conduct is not included in "*any* liability" is patently incorrect. The dissent suggests a further tortured reading of the clause, and would hold that the alleged liability in this case did not accrue from "use of the equipment," but from appellee's failure to inspect and fit the bindings for appellant. It is clear that the accident occurred while appellant was using the equipment and that appellant's injury was at least compounded by the equipment's failure to function as it should have.

*Zimmer v. Mitchell and Ness,* 253 Pa.Super. at 480, 385 A.2d at 440. Since the provisions of plaintiffs' complaint listed above relate to the use of the ski equipment by plaintiff, they are similarly barred by the rental agreement. Summary judgment will therefore be granted in defendant's favor as to these specific provisions.

■ Defendant's motion will be denied in all other respects. The remainder of Count I alleges that defendant was negligent in maintaining its premises, training its employees, and training and supervising plaintiff. *See* document 1 of record, at ¶¶ 4–21. Since the rental agreement applies only to injuries arising out of the use of the equipment, it does not bar an action relating to "the selection of any icy ski slope not adaptable for use by a skiing novice and to improper instructions by defendant's ski instructor." *Zanan v. Jack Frost Ski Lodge,* 36 Pa.D. & C.3d 444, 447 (Monroe County 1985) (citing *Restifo v. McDonald,* 426 Pa. 5, 230 A.2d 199 (1967) ("a release covers only those matters which may be fairly said to have been within the contemplation of the parties when the release was given")); *cf. Miele v. Chadds Ford Ski School,* 37 Pa.D. & C.3d 325 (Chester County 1985) (disclaimer provided that "[a]ll risks involved in the use of the equipment and/or facilities are assumed by the customer who further agrees to forever release Chadds Peak and save Chadds Peak harmless from any claims for injury or damage to person or property in any way resulting from the use of the equipment and/or facilities").

■ The motion must also be denied as to Count III, plaintiffs' strict liability claim. *See* document 1 of record, at ¶¶ 26–30. In *Keystone Aeronautics Corp. v. R.J. Enstrom Corp.,* 499 F.2d 146 (3d Cir.1974),

the Third Circuit Court of Appeals held that the Pennsylvania Supreme Court was likely to adopt comment m to Restatement (Second) of Torts § 402A (1965), which reads, in part, as follows:

> The liability stated in this Section does not rest upon negligence. It is strict liability.... The basis of liability is purely one of tort.
>
> *  *  *  *  *  *
>
> ... The consumer's cause of action does not depend upon the validity of his contract with the person from whom he acquires the product, and it is not affected by any disclaimer or other agreement, whether it be between the seller and his immediate buyer, or attached to and accompanying the product into the consumer's hands.

The court noted that, "[i]f a disclaimer on the label of a product or in a preprinted form sales contract would be effective to limit liability under § 402A, then obviously sellers would utilize such devices to nullify their responsibility." *See Keystone Aeronautics Corp.*, 499 F.2d at 149. Thus, "it would appear that for reasons of social policy strict liability should not be disclaimed in 'garden variety' consumer transactions...." *Jankowski v. Ski Roundtop, Inc.*, 45 Pa.D. & C.3d 671, 676 (Adams County 1986) (disclaimer of liability in a ski equipment rental agreement is effective only against a claim of negligence, not a claim of strict liability) (quoting *Keystone Aeronautics Corp. v. R.J. Enstrom Corp.*, 364 F.Supp. 1063, 1065 (W.D.Pa.1973), *aff'd in relevant part, Keystone Aeronautics Corp.*, 499 F.2d at 148–149); *see also In re Jones*, 804 F.2d 1133, 1137–1139 (10th Cir. 1986) and authorities cited therein (applying Oklahoma law); *Sipari v. Villa Olivia Country Club*, 63 Ill.App.3d 985, 20 Ill. Dec. 610, 380 N.E.2d 819 (1978) (exculpatory clause in rental ticket for a golf cart did not preclude country club lessor's strict liability; applying Illinois law); 2 American Law of Products Liability 3d § 16:37 (1987) ("Under the Restatement, a limitation or disclaimer of warranties is irrelevant to the seller's liability for injury caused by defective goods"). Based on these authorities,

the court will deny defendant's motion as it relates to plaintiffs' strict liability count.

The only remaining issue relates to plaintiff Pamela Weiner's loss of consortium claim in Count IV. *See* document 1 of record, at ¶¶ 31–32. The parties have not addressed what effect, if any, the release has on the loss of consortium claim. The court will therefore limit the grant of summary judgment to plaintiff Joel Weiner's claims against defendant. If defendant wishes to pursue the matter, it must submit a supplemental brief addressing all relevant authorities on the issue. *See, e.g., Matthew v. Shoemaker*, No. 88–0705, slip. op. at 12–13, 1988 WL 167262; *Manzitti v. Amsler*, 379 Pa.Super. 454, 457–469, 550 A.2d 537, 539–544 (1988).

An appropriate Order will enter.

### ORDER

NOW, this 3rd day of July, 1989, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

(1) Defendant's motion for summary judgment is granted in part and denied in part.

(2) Judgment is hereby entered in favor of defendant and against plaintiff Joel A. Weiner on paragraph 17(g) of Count I and all of Count II.