**JOSEPH DELPONTE, Plaintiff**
**v.**
**CORAL WORLD VIRGIN ISLANDS, INC., Defendant**

Civil No. 2002-216

District Court of the Virgin Islands

Division of St. Thomas and St. John

August 14, 2006

ANDREW C. SIMPSON, ESQ., St. Croix, U.S.V.I., *For Plaintiff.*

KEVIN L. KELLER, ESQ., Norfolk, VA; Patrick D. Blake, Esq., Norfolk, VA, *For Defendant.*

GOMEZ, *District Judge*

### Memorandum Opinion

(August 14, 2006)

Before the Court is the motion of the defendant, Coral World Virgin Islands, Inc. ("Coral World"), for summary judgment against the plaintiff, Joseph Delponte ("Delponte"). Oral argument was held on this matter on March 24, 2006. Following argument, the Court granted Coral World's motion for summary judgment. This reduces the order to writing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Coral World operates a marine theme park in St. Thomas, Virgin Islands. One of the attractions at Coral World is the Sea Trek. Sea Trek participants wear a helmet with an attached breathing tube, descend a ladder to the ocean floor, and walk underwater to examine the fish and coral in their natural habitat.

In April, 2002, Delponte purchased admission to Sea Trek while onboard a cruise ship. Upon arriving at Coral World, Delponte attended a training and instructional session. This session explained the precautions to be followed while participating in Sea Trek including instructions on descending the ladder to the sea floor. Delponte was thereafter presented with a document entitled "Coral World/Sea Trek Liability Release and Express Assumption of Risk" ("Waiver").

Delponte completed the Waiver by printing his name, cruise ship information and the date, as well as circling information regarding his

medical history. Delponte subsequently signed and dated the Waiver, and concedes that he did so with an intent to be bound by its terms. *See* Delponte Dep. Test. 25-28, May 2, 2005.

While descending the ladder to the sea floor, Delponte slipped on a rung and broke his femur. Delponte subsequently filed a complaint against Coral World alleging negligent control, maintenance, and inspection of the ladder as well as a failure to warn of a known danger. Coral World's motion for summary judgment followed.

Delponte's execution of the Waiver and his subsequent injury are not in dispute. The parties, however, dispute the meaning of the language contained in the Waiver. Coral World contends that the Waiver is a release of liability which bars recovery.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment shall be granted only if "the pleadings, depositions, answer to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if its existence or nonexistence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The moving party has the initial burden of informing the Court of the basis for a motion for summary judgment and pointing out those parts of the record which he or she believes demonstrates an absence of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the moving party carries its burden, the nonmoving party "may not rest upon the mere allegations or denials of his or her pleadings, but his or her response must set forth specific facts showing that there is a genuine issue for trial." *Connors v. Fawn Mining Corp.*, 30 F.3d 483, 489 (3d Cir. 1994) (citations omitted). All reasonable inferences are drawn in favor of the nonmovant. *Anderson*, 477 U.S. at 255.

### B. Intent of the Contracting Parties

In evaluating a contract, such as a waiver, the Court must first look to the intent of the parties as "objectively manifested by them and make a

preliminary inquiry as to whether the contract is ambiguous." *Sunshine Shopping Ctr. v. Kmart Corp.*, 85 F. Supp. 2d 537, 540, 42 V.I. 397 (D.V.I. 2000) (citing *Hullett v. Towers, Perrin, Forster & Crosby, Inc.*, 38 F.3d 107, 111 (3d Cir. 1994)). A contract is ambiguous when reasonable people in the parties' positions could think, that the contract has two reasonably alternative interpretations. *Sunshine Shopping Ctr*, 85 F. Supp. 2d at 540.

■ This Court has spoken to the method of determining the intent of the contracting parties:

> [T]he Third Circuit applies the 'plain meaning rule' of interpretation of contracts, which assumes that the intent of the parties to an instrument is 'embodied in the writing itself, and when the words are clear and unambiguous the intent is to be discovered only from the express language of the agreement.'

*Sunshine Shopping Ctr.*, 85 F. Supp. at 540 (quoting *Hullet*, 38 F.3d at 111); see *also In re Unisys Corp. Long-Term Disability Plan ERISA Litig.*, 97 F.3d 710, 715 (3d Cir. 1996) ("The strongest external sign of agreement between contracting parties is the words they use in their written contract." (quoting *Mellon Bank, N.A. v. Aetna Bus. Credit, Inc.*, 619 F.2d 1001, 1009 (3d Cir. 1980))). Moreover, the contract must be "interpreted as a whole, and all writings that are part of the same transaction are interpreted together." *See* RESTATEMENT (SECOND) OF CONTRACTS, § 202(2).[1]

### III. ANALYSIS

Paragraph eight of the Waiver—the only portion of the Waiver in bold and in capital letters—expressly releases Coral World from claims for "personal injury, products liability, property damage or wrongful death due to negligence."[2] The Waiver ¶ 8. Courts have routinely held that the

---

[1] In the absence of local law to the contrary, the restatements of law apply in the Virgin Islands. 1 V.I.C. § 4.

[2] Paragraph eight states:

**I ACKNOWLEDGE THAT I HAVE READ THE FOREGOING PARAGRAPH, FULLY UNDERSTAND THE POTENTIAL DANGER INCIDENTAL TO ENGAGING IN SEA TREK, AND THAT I UNDERSTAND AND AGREE THAT BY SIGNING THIS INSTRUMENT I AM GIVING UP MY RIGHT TO COLLECT MONETARY DAMAGES FROM THE RELEASED PARTIES**

word "negligence" in a waiver contract is sufficient to indemnify a party for its own negligence. *See Anderson v. Eby*, 998 F.2d 858, 862 (10th Cir. 1993) (enforcing a waiver provision that includes the term negligence noting that "[i]t would be difficult to draft a more plain statement of a waiver") (applying Colorado law); *see also Ki Ron Ko v. Bally Total Fitness Corp.*, 2003 U.S. Dist. LEXIS 19378, at *3 (D. Kan. Sept. 16, 2003) (enforcing a waiver provision which stated "You are waiving any right that you may have to bring a legal action to assert a claim against us for our negligence") (applying Kansas law); *Street v. Darwin Ranch, Inc.*, 75 F. Supp. 2d 1296, 1301 (D. Wyo. 1999) (noting that a waiver provision that included the word negligence "could not be clearer") (applying Wyoming law).

Paragraph two broadens Coral World's insulation from liability for negligence when it asks the signor to accept "the full responsibility for any and all such damage, injury or death which may result."[3] The Waiver ¶ 2. Courts have held that such language indemnifies parties against claims for negligent acts even where the word "negligence" is absent from the indemnity agreement. *See, e.g., In re Incident Aboard the D/B Ocean King*, 758 F.2d 1063, 1068-71 (5th Cir. 1985) (noting that the phrase "the entire cost and full liability" was sufficient to indemnify the draftor against negligence claims despite lacking specific language to that effect) (applying Louisiana law).

Finally, paragraph five of the waiver succinctly explains the consequence of signing the Waiver to the signor:

> (The signor) personally assumes all risks in connection with this experience, for any harm, injury, or damage that may befall me while I am a participant in this Sea Trek activity, including all risks connected therewith, whether foreseen or unforseen.

---

FOR PERSONAL INJURY, PRODUCTS LIABILITY, PROPERTY DAMAGE OR WRONGFUL DEATH DUE TO NEGLIGENCE.
The Waiver ¶ 8.

[3] Paragraph two states in relevant part:

"To the fullest extend allowed by law, I hereby forever release and indemnify from any legal liability ... resulting from the supervision, training, selection, installation, maintenance, adjustment, or use of this equipment ... ."
The Waiver ¶ 2.

The Waiver ¶ 5. Similar language has also been held sufficient to enforce an indemnity provision that exempts a party's own negligence. *See Sander v. Alexander Richardson Invs.*, 334 F.3d 712, 715-16 (8th Cir. 2003) (enforcing a clause where defendant was released from all liability, noting that "all means all") (applying maritime law); *see also Szczotka v. Snowridge*, 869 F. Supp. 247, 250 (D. Vt. 1994) (enforcing a waiver agreement that included the phrase "accepting myself full and complete responsibility for any and all such damage, injury of any kind, or death which may result") (applying Vermont law).

Despite this clear language, Delponte contends that the Waiver is ambiguous and susceptible to different interpretations. As support, Delponte notes that a sentence in paragraph two of the Waiver only references damage caused by breach of warranty or breach of contract.[4] The Waiver ¶ 2. Plaintiff also draws attention to paragraph three, which releases Coral World from any claims from "breach of warranty or contract."[5] *Id.* at ¶ 3. Delponte urges that to a lay person, these paragraphs reinforce the "notion that the release at issue is related to contractual types of claims." Opposition 6. In essence, Delponte contends that since the Waiver releases Coral World from negligence in one portion of the Waiver and contractual claims in another portion, "the contract [is] either ambiguous or deceptive. In either case[,] it is unenforceable under Virgin Islands law as against public policy." Hr'g Tr. 15, Mar. 24, 2006.

█ The Court does not find any internal inconsistency in having a document speak to a waiver of contract claims and also to a waiver of

---

[4] The second paragraph of the contract states that the signor releases

... from any and all liability for damage, injury or death to me or my family, heirs or assigns, or to any other person or property resulting from the supervision, training, selection, installation, maintenance, adjustment, rental or use of this equipment and for any claim based upon breach of warranty, contract, or other legal theory accepting myself the full responsibility for any and all such damage, injury or death which may result.

The Waiver ¶ 2.

[5] The last sentence of the third paragraph states in capital letters:

IT IS MY INTENTION, TO EXEMPT AND RELIEVE THE RELEASED PARTIES FROM LIABILITY FOR PERSONAL INJURY, PROPERTY DAMAGE OR WRONGFUL DEATH CAUSED BY BREACH OF WARRANTY OR CONTRACT.

The Waiver ¶ 3.

negligence claims. When the language of an exculpatory clause is clear—as is the case here[6]—it stands as an independent basis for waiving liability.[7] A list of clear waiver provisions in a contract releases the drafter from each type of liability included in the list.[8]

Delponte next contends that because the Waiver expressly releases Coral World from liability arising from the Sea Trek helmet, it does not shield Coral World from injuries suffered while on the ladder.

It is uncontested that the Waiver indemnifies Coral World against injuries related to breathing compressed air and operating the equipment provided as part of the Sea Trek tour.[9] If the Waiver simply contained this language, it would be insufficient to bar Delponte's negligence action because the Waiver does not expressly exculpate Coral World for its negligent maintenance of the ladder. *See Rosen v. LTV Recreational Development, Inc.*, 569 F.2d 1117 (10th Cir. 1978) (holding that a liability waiver form that limited descriptions of injuries to negligent skiers could not exonerate the resort from negligent conditions); *Jorst v. Bros.*, 2001 U.S. Dist. LEXIS 12824, at *1 (N.D. Ca. Aug. 20, 2001) (holding that liability waiver form did not bar action for negligence where the form did not allow the customer to acknowledge the additional risk created when the proprietor maintained a negligent premises).

■ However, the eighth paragraph of the Waiver states that by signing the document, Delponte waived his right to assert any claim "for personal

---

[6] Delponte concedes that the language of the negligence, contract, and breach of warranty clauses are unambiguous. Hr'g Tr. 15.

[7] This principle is in accordance with the general rule that "a provision purporting to indemnify a party for its own negligence must clearly and unambiguously express such an intention." *Beloit Power Sys., Inc., v. Hess Oil V.I. Corp.*, 757 F.2d 1431, 1433 (3d Cir. 1985).

[8] For example, a contract that separately provides an unambiguous release for "all wrongful death claims," "negligence claims," and "breach of warranty claims" will release the drafter from negligence claims and breach of warranty claims and all wrongful death claims. *See* RESTATEMENT (SECOND) OF CONTRACTS, § 202(2) (contract must be interpreted as a whole).

[9] The first paragraph of the Waiver states:

"[Name of participant] hereby affirm that I have been advised and informed of the inherent hazards of participating in the Sea Trek activity. I understand that Sea Trek involves breathing compressed air, that involves certain risks; including but are not limited to, air embolism, other hyperbaric injuries or drowning."

Ex. B at ¶ 1.

injury, products liability, property damage or wrongful death due to negligence." The Waiver ¶ 8. "This language is obviously sufficient to waive a negligence action." *Krazek v. Mountain River Tours, Inc.*, 884 F.2d 163, 166 (4th Cir. 1989) (holding that a form which waives Plaintiff's right to assert "any claims or causes of action" is sufficient to bar a negligence suit despite other paragraphs that limit waiver to specific injuries). To hold otherwise would create a requirement that when a waiver form lists a particular type of injury, it must then list all possible injuries. *See Wilson v. Smith*, 693 F. Supp. 228, 231 (M.D. Pa. 2003) (noting that "demanding an overabundance of particularity runs the risk of causing confusion" in waiver forms). The law does not support the imposition of such an onerous burden on the drafting party.

█ Delponte next urges that the script of the Sea Trek orientation did not inform Coral World employees of how to explain the Waiver to a participant, thus creating confusion.[10] This argument lack support in the law as it ignores the clear text of the Waiver and attempts to find an ambiguity based on the failure of Coral World to further explain the contract itself. When the text of a contract is clear and unambiguous, the Court need not consider extrinsic evidence of the parties' intent. *See Thermice Corp. v. Vistron Corp.*, 832 F.2d 248, 253 n.3 (3d Cir. 1987); *see also Galin Corp. v. MCI Telecommunications Corp.*, 12 F.3d 465, 470 (5th Cir. 1994) ("[W]hen a contract is clear in and of itself, circumstances extrinsic to the document may not be considered ... .") (applying New York law).

### III. CONCLUSION

Because there are no material facts in dispute and Coral World is entitled to judgment as a matter of law, the Court will grant Coral World's motion for summary judgment.

An appropriate order follows.

---

[10] Delponte also obliquely references "the Sea Trek Orientation script provided by the licensor of the apparatus and given to Coral World," Opposition 7, and provides the script as an exhibit in his moving papers. The Court fails to understand the relevance of this document or how it sheds light on the intent of the parties as manifested in the Waiver.